## CHARLES A. WARLAND, Trustee, *vs.* WILLIAM H. COLWELL & others.

Where a trustee of the property of a married woman has been appointed under the provisions of chap. 136 of the Revised Statutes, his trust ceases with the termination of the coverture by the death of the husband, and where, in an action of ejectment brought by such a trustee, the defendant, pending the action, pleaded *puis darrein,* the death of the husband of the *cestui, it was held,* that the right of the trustee to maintain the action had ceased, and judgment must be entered for the defendant.

*Held, further,* that the plaintiff would not have been subjected to costs, had he submitted to the plea, but that having contested it, the defendant could recover of him the costs of the suit from the time it was pleaded.

BRAYTON, C. J. This action was brought by Charles A. Warland, as trustee of the property of one Miranda Hamilton, the wife of one Gideon Hamilton, then in full life. He was appointed trustee by the court, under the provisions of chapter 136

of the Revised Statutes, his trust to continue only during the coverture, and he counted against the defendant in an action of trespass and ejectment, alleging a seisin in himself as such trustee, of the land claimed, from which the defendant had ejected him. The defendant pleaded to the action that he was " not guilty." The action was commenced at the October Term, 1871, of the Supreme Court for this county, and was continued to the March Term, 1872, and thence to the present October Term, 1872. On the first day of the present term the defendant filed his plea, *puis darrein*, and says that the said Gideon Hamilton, the husband, since the last continuance, viz., on the        day of September, 1872, died, leaving the said Miranda Hamilton his widow, unmarried, and he prays judgment if the plaintiff ought further to have and maintain his said action. To this plea there is a general demurrer and a joinder therein. The plaintiff says, in support of this demurrer, that the plea does not disclose sufficient matter to bar the further maintenance of the suit. Whatever destroys the plaintiff's action and disables him from recovering, may be pleaded in bar. If this matter happen after plea is filed, he may plead the new matter, provided it be done before another continuance of the action, because being new it was not in his power to plead it before, and it would be hard to deprive him, being guilty of no laches, of an advantage which he had not at the time of pleading before. It does not matter what it is that destroys the plaintiff's right of action. A release of the right, a conveyance of the thing in controversy, a judgment recovered by the plaintiff for the same matter, that the party suing as administrator has ceased to sustain that character by the repeal of the administration. The only question necessary to be considered is, does this plea show a state of things which disables the plaintiff from recovering in this suit the premises sued for, and this seems to us not difficult to determine. His right of action depends upon his sustaining the character in which he sues, that of trustee of the premises.

The act under which he was appointed trustee authorizes this court to appoint a trustee of the property of a married woman, and provides that such a trustee shall be empowered in his own name, as trustee, to sue for, recover, and hold such property, and that the trust shall continue only during the coverture, and may

by the court be terminated before. His power to sue for and recover, his power to hold possession, are annexed to the trust, and depend upon its existence. By the terms of his appointment that trust ceased to exist upon the termination of the coverture, by the death of Gideon Hamilton, the husband, in September, 1872, and from that time all the plaintiff's power, rights, and duties ceased.

It is said that this suit is brought for injuries to the possessory right of the plaintiff, which appertained solely to him, and could not appertain to a successor. There can be no successor in this case. The trust has ceased. But this action is brought to recover possession of the land itself, and not for any special injury to the plaintiff's possession, a suit in which he could recover only the land, and not damages for its detention. The land could as well be recovered by a successor in the trust, if there could be one, as by the present plaintiff. It may now be recovered by Mrs. Hamilton, who is now sole and unmarried, and she may now sue for and recover her own estate, just as the plaintiff might have done had he continued to be trustee. It might be more convenient, and perhaps better, that the suit, under such circumstances, should go on to judgment, for the benefit of the cestui que trust, and that the general assembly had provided that it should go on in the name in which it had been commenced. But they have not deemed it expedient so to provide. They have provided that in an action for flowing, under the mill act, the marriage of a plaintiff shall not abate the suit, if, upon suggestion of the marriage upon the record by the defendant, the new party in interest will come in and make himself a party plaintiff, and upon this the suit shall go on. So they have provided that a suit commenced by an executor or administrator shall not abate by the resignation or removal of such executor or administrator, but that the suit may be prosecuted by the new administrator who shall be appointed. No such provision is made for the case before us. The plaintiff's right to maintain this action has ceased, and he can no longer prosecute it. The demurrer must be overruled, and the plea allowed.

It is now only that we can consider the effect of the plea, and we need only consider the effect of such a plea allowed, and upon this action. It is a bar to the plaintiff to the further mainten-

ance of his suit, and judgment must be for the defendant accordingly. Whether a defendant pleading thus is entitled to costs depends upon the conduct of the plaintiff. If he will submit to the plea when filed, he shall not be subjected to costs; if he will contest the plea, and it be sustained, he must pay the costs of the contest. This the present plaintiff has done, and the defendant shall recover his costs. It is not, however, all the costs of the suit, but costs from the time of pleading this plea. *Lyttleton* v. *Cross*, 4 B. & C. 117; *Smith* v. *Barse*, 2 Hill, 387.

*Demurrer overruled. Judgment for defendant for costs of suit from the time of pleading aforesaid plea.*

*Willard Sayles & W. H. Greene*, for plaintiff.
*James Tillinghast & Ripley*, for defendants.